Randy J. Harvey, O.S.B. #116714
Email: randy@elpnw.com
Jameson E. Gideon, O.S.B. #202871
Email: jameson@elpnw.com
Patrick G. Conroy, O.S.B. #223806
Email: Patrick@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff **AARON BURRIS**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **AARON BURRIS**<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**TILLAMOOK FIRE DISTRICT, an Oregon Municipality, AND DARON BEMENT, as an Individual**,<br><br>　　　　　Defendant. | Case No. 3:23-cv-00384<br><br>**COMPLAINT FOR VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS; RETALIATION ORS §§ 659A.030; 659A.199; AND 659A.203 (b)(A)(B); WRONGFUL TERMINATION**<br><br>**Claim: $480,000**<br>**Filing Fee: $402**<br><br>**Demand for Jury Trial** |

**INTRODUCTION**

1.　　This is a federal claim for violating Aaron Burris First and Fourteenth

Amendment rights under the United States Constitution and 42 U.S.C. § 1983. The

Plaintiff seeks injunctive relief, compensatory damages, and attorneys' fees due to the unlawful retaliation against them for exercising their right to free speech and due process in reporting official misconduct.

**PARTIES**

2.   The Plaintiff, Aaron Burris, is a citizen of the United States and a resident of Oregon.

3.   The Defendant(s), Defendant Tillamook Fire District ("District ") is an Oregon municipality, and Daron Bement ("Bement"), the fire chief, is being sued in his individual and official capacity.

**JURISDICTION AND VENUE**

4.   This Court has jurisdiction over this action according to 28 U.S.C. §§ 1331 and 1343(a), as the claims arise under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

5.   This Court has supplemental jurisdiction over the state law and common law claims in this action according to 28 U.S.C. § 1367.

6.   The venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions give rise to the claims which occurred in this judicial District.

**FACTS**

7.   Plaintiff filed a government claims notice under ORS 32.750 on June 23, 2022, by U.S. mail and received an acknowledgment from Defendant's insurance carrier on July 25, 2022.

8.   Plaintiff exhausted all administrative remedies on or about December 9, 2022.

9. Plaintiff has been an employee in good standing with the Tillamook Fire District ("District") for twenty-five years.

10. During Plaintiff's years of employment, he has performed his duties successfully and commendably as a Captain without incurring any prior disciplinary actions.

11. Plaintiff made a good faith report to Chief Daron Bement ("Bement") and members of the Tillamook Fire District Board that Alan Christensen ("Christensen") had engaged in unlawful behavior and numerous violations of District Policy.

12. Plaintiff is the current Mayor of Tillamook and told Defendants they needed to deal with Christensen's unlawful conduct and policy violation for the public welfare and interest.

13. Firefighter Charles Spittles ("Spittles") captured Christensen engaging in a public display of a sexual act when Christensen was caught on video in the fire bay at the fire station masturbating at a time when the District Fire Board was holding a meeting in an adjacent room.

14. Plaintiff made a good faith report to Defendants that Christensen exposed his genitalia to an adult female citizen named Annie Bishop in the District parking lot during an executive session of the Fire Board.

15. Plaintiff alleges that Defendants were attempting to silence Plaintiff's good faith report and cover up the conduct of Christensen to prevent public awareness of the firefighter's behavior and the District's concealment of illicit activity.

16. On information and belief, Defendants failed to make a report to the Oregon District of Public Safety and Standards regarding Christensen's allegedly unlawful conduct and policy violations which led to Christensen's abrupt resignation.

17. Bement ordered Plaintiff to keep silent about Christensen's conduct to avoid embarrassing the District, even though Christensen was falsely telling others in the District and community that he quit because Plaintiff bullied him.

18. Plaintiff made a good faith report to Tillamook Fire District Board members that Bement was engaged in misconduct by trying to cover up unlawful conduct by Christensen.

19. Bement falsely claimed that Plaintiff disclosed pornographic or sexually explicit material.

20. On information and belief, Defendants filed a report with the Tillamook Police District alleging that Plaintiff unlawfully disclosed sexually explicit videos about Christensen to chill Plaintiff's First Amendment right to disclose information in the public interest.

21. Tillamook County District Attorney chose not to pursue any criminal action due to the Defendants' police report.

22. On information and belief, Bement never watched the video provided to Bement by Charles Spittles or the video clip possessed by Plaintiff.

23. On information and belief, Bement gave the camera's S.D. card, which recorded the entire incident that Spittles provided to him, to the Tillamook Policed department to have Burris prosecuted by the Police.

PAGE 4 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

24. Burris has never possessed the video provided to the Police in his custody or control, nor has he viewed the video provided to the Police by Bement.

25. The Defendants placed Plaintiff on administrative leave and, after that, terminated.

26. Plaintiff alleges that Defendant's actions were a pretext for unlawful retaliation and attempts by Defendants to suppress reports of misconduct by Christensen and Defendants' action to cover up unlawful conduct in the District.

27. Defendants took adverse action against Plaintiff in retaliation for his protected speech, including termination and a police report to harass Plaintiff by falsely alleging he had distributed sexually explicit materials.

28. The Plaintiff's exercise of his First Amendment right to free speech was a substantial or motivating factor in the Defendants' decision to take adverse action against the Plaintiff because, in Defendants' words, they were embarrassed.

29. Defendant's actions violated Plaintiff's First Amendment right to free speech by attempting to suppress his free speech and Fourteenth Amendment right to due process by relying on knowingly false and misleading facts.

## CLAIMS FOR RELIEF

### COUNT 1: VIOLATION OF FIRST AMENDMENT (42 U.S.C. § 1983)

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

31. Defendants' actions, as described herein, violated the Plaintiff's First Amendment rights to free speech under the United States Constitution and 42 U.S.C. § 1983.

32. The Plaintiff seeks compensatory damages in an amount to be determined at trial for the loss of wages, benefits, and other financial losses due to the Defendants' violation of the Plaintiff's First Amendment right, but no less than $30,000.

33. The Plaintiff seeks damages for emotional distress, mental anguish, pain and suffering, and harm to his reputation caused by Defendants' actions, but no less than $300,000.

34. The Plaintiff seeks punitive damages against Bement (only but not District) for his willful, wanton, and malicious conduct in violating the Plaintiff's First Amendment rights and to deter similar behavior in the future.

35. Plaintiff seeks reasonable attorneys' fees and costs according to 42 U.S.C. 1983 and O.R.S. 659A.885.

**COUNT 2: VIOLATION OF FOURTEENTH AMENDMENT (42 U.S.C. § 1983)**

36. Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

37. Defendant's denial of Plaintiff's appeal was a foregone conclusion to uphold Plaintiff's termination, making the administrative appeal process a perfunctory exercise.

38. Defendant's actions, as described herein, violated Plaintiff's Fourteenth Amendment rights to due process under the United States Constitution and 42 U.S.C. § 1983.

39. As a direct and proximate result of Defendants' violation of Plaintiff's Fourteenth Amendment rights, Plaintiff suffered and continues to suffer damages.

40. The Plaintiff seeks compensatory damages in an amount to be determined at trial for the loss of wages, benefits, and other financial losses due to the Defendants' violation of the Plaintiff's Fourteenth Amendment rights.

41. The Plaintiff seeks damages for emotional distress, mental anguish, pain and suffering, and harm to their reputation caused by the Defendants' actions in an amount according to proof but no less than $300,000.

42. The Plaintiff seeks punitive damages against Bement individually (not against District) in Bement's individual capacity for his willful, wanton, and malicious conduct in violating the Plaintiff's Fourteenth Amendment rights and to deter similar behavior in the future.

43. In the alternative, Plaintiff is entitled to nominal damages.

44. Plaintiff is entitled to injunctive relief.

45. Plaintiff is entitled to be reinstated to his former position.

46. Plaintiff seeks reasonable attorney fees and costs according to 42 U.S.C. § 1988.

## STATE CLAIMS FOR RELIEF DUE TO RETALIATION

### Count 1

### Retaliation O.R.S. 659A.030

47. Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

PAGE 7 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

48.     Plaintiff is a member of a protected class because he engaged in protected activity when making a good-faith report in the public interest about misconduct by public employees.

49.     Plaintiff suffered an adverse action when Defendant terminated his employment based on his protected activity.

50.     Defendants' adverse employment action was directly related to the good faith reports made by Plaintiff.

51.     The District's acts to terminate Plaintiff and harass him are directly and proximately related to the harm that Plaintiff suffered.

52.     Plaintiff is entitled to economic damages according to proof, but no less than $30,000.

53.     Plaintiff is entitled to non-economic damages according to proof, including emotional distress, pain and suffering, and harm to reputation resulting from retaliation, but no less than $300,000.

54.     Plaintiff is entitled to injunctive relief ordering Defendants to cease retaliatory practices against employees who report in good faith.

55.     Plaintiff is entitled to the reinstatement of his employment position with back pay and benefits.

56.     Plaintiff is entitled to Attorney fees and costs under O.R.S. 659A.885; prevailing Plaintiff in a discrimination action may be awarded reasonable attorney fees and expenses associated with litigating the case.

///

///

PAGE 8 – **COMPLAINT**

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## COUNT 2

### Retaliation O.R.S. 659A.199

57.     Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

58.     Plaintiff reasserts damages listed in paragraphs 52-56 against District and specifically.

## COUNT 3

### Retaliation ORS 659A.203(b)(A)(B)

59.     Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

60.     Defendants are a political subdivision according to O.R.S. 659A.203 (a)(A)(B), and Defendants threatened Plaintiff in violation of O.R.S. 659A.(b) with disciplinary action and, after that, terminated Plaintiff to prohibit Plaintiff from disclosing unlawful conduct and policy violations by District personnel to District officers and or the public.

61.     Plaintiff reasserts damages listed in paragraphs 52-56 against District.

## STATE CLAIM FOR RELIEF AGAINST DISTRICT

### Wrongful Termination

62.     Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

63.     Defendant lacked cause to terminate Plaintiff for reporting unlawful conduct by fellow employees and Bement.

64. Plaintiff had an important societal right as an individual and Mayor of the city of Tillamook to report the wrongdoing of public employees, officials, and managers covering up misconduct and mismanagement as a public concern.

65. Plaintiff was falsely terminated for allegedly disclosing sexually explicit images.

66. Plaintiff was specifically terminated for embarrassing the District by reporting employee misconduct and Bement.

67. As a result of Plaintiff's reports and refusal to keep quiet about misconduct, Plaintiff was terminated from his employment.

68. Plaintiff failed to engage in progressive discipline, or to consider Plaintiff's twenty-five years of good service to the District when determining to terminate Plaintiff.

69. Plaintiff is entitled to recover damages for back pay and front pay according to proof but no less than $30,000.

70. Plaintiff is entitled to recover damages for loss to his reputation in an amount to be determined at trial but no less than $300,000.

71. Plaintiff is entitled to recover emotional distress damages according to proof but no less than $150,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

**Federal Claims, Counts 1 and 2:**

1. Plaintiff is entitled to economic damages, according to proof, no less than $30,000;

2. Plaintiff is entitled to non-economic damages according to proof, including emotional distress, pain and suffering, and harm to reputation resulting from retaliation, but no less than $300,000.

3. Plaintiff is entitled to injunctive relief ordering Defendants to cease retaliatory practices against employees who report in good faith.

4. Plaintiff is entitled to reinstatement to his employment position with back pay and benefits.

5. Plaintiff is entitled to Attorney fees and costs under O.R.S. 659A.885; the prevailing Plaintiff in a discrimination action may be awarded reasonable attorney fees and expenses associated with litigating the case.

6. Punitive damages against Bement in his individual capacity, according to proof.

**State Claims for Relief counts 1, 2, 3:**

1. The Plaintiff is entitled to economic damages according to proof, but no less than $30,000;

2. Plaintiff is entitled to non-economic damages according to proof, including emotional distress, pain and suffering, and harm to reputation resulting from retaliation, but no less than $300,000.

3. Plaintiff is entitled to injunctive relief ordering Defendants to cease retaliatory practices against employees who report in good faith.

4. Plaintiff is entitled to the reinstatement of his employment position with back pay and benefits.

5. Plaintiff is entitled to Attorney fees and costs under O.R.S. 659A.885; the prevailing Plaintiff in a discrimination action may be awarded reasonable attorney fees and expenses associated with litigating the case.

**State Claim for Relief Wrongful Termination:**

1. Plaintiff is entitled to recover damages for back pay and front pay according to proof but no less than $30,000.

2. Plaintiff is entitled to recover damages for loss to his reputation in an amount to be determined at trial but no less than $300,000.

3. Plaintiff is entitled to recover emotional distress damages according to proof but no less than $150,000.

For all claims and other remedies, the Court determines appropriate.

DATED this 16th day of March 2023

Respectfully submitted,

**EMPLOYMENT LAW PROFESSIONALS**

By: */s Randy J. Harvey*
Randy J. Harvey, O.S.B. #116714
Email: randy@elpnw.com

Jameson E. Gideon, O.S.B. #202871
Email: jameson@elpnw.com

Patrick G. Conroy, O.S.B. # 223806
Email: patrick@elpnw.com

20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Aaron Burris